FILED

MAR 13 2013

VANESSA L. ARMSTRONG
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-00093-TBR

## BENTLEY FULLER

v.

## RICK WHEAT

# JURY INSTRUCTIONS

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is a role reserved to the jury, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendant by clear and convincing evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that l give you, even if you personally disagree with them. This includes any instructions I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for both parties may have talked about the law during their arguments. But if what they said was different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life.

Another part of your job as jurors is to decide the credibility of each witness. This is your

job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people when deciding credibility. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions with you to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. 1 may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury

room how you stand on your votes. That should remain confidential until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1
## Definition of "Clear and Convincing Evidence"

The term "clear and convincing evidence" is used below in these Instructions and needs additional explanation. It is the Plaintiff's responsibility to prove his claims by clear and convincing evidence. Clear and convincing proof does not necessarily mean uncontradicted proof; it means that here Plaintiff is required to produce evidence substantially more persuasive than a preponderance of evidence, but not beyond a reasonable doubt. Put another way, it is sufficient if there is evidence that tends to prove Plaintiff's allegations and that evidence is so substantial in nature that it would convince ordinary, prudent-minded people. If the proof should fail to establish any of the essential elements of the Plaintiff's claims by clear and convincing evidence, the jury should find for the Defendant.

## INSTRUCTION NO. 2
### Deceit: Fraudulent Concealment/Omission

Bentley Fuller has brought a claim against Rick Wheat for deceit based upon fraudulent concealment/omission. Mr. Fuller claims that Mr. Wheat concealed facts from him concerning his intentions of forming a business with him, causing him monetary loss.

Only in certain circumstances does a person have a duty to disclose facts. Here, Rick Wheat had a duty to disclose only if you find that he partially disclosed material facts to Bentley Fuller but created the impression of full disclosure. As used in these instructions, a fact is "material" if there is a substantial likelihood that a reasonable person would consider it important in deciding how to act.

(1) Do you find by **clear and convincing evidence** that Mr. Wheat partially disclosed material facts to Mr. Fuller but created the impression of full disclosure?

_____YES               _____√_____NO

Foreperson: _

*If you answered "No" to Part 1, please move on to Instruction No. 3. If you answered "Yes," please continue to Part 2.*

6

(2) You will find for Mr. Fuller if you are further satisfied from **clear and convincing evidence** as follows:

      **a)**      That Rick Wheat failed to disclose a material fact;

      **b)**      That failure to disclose induced Bentley Fuller to act;

      **AND**

      **c)**      That failure to disclose was a substantial factor in causing injury to the plaintiff, Bentley Fuller.

Otherwise, you will find for Rick Wheat. If you find for Bentley Fuller, you may award damages in an amount that will reasonably and fairly compensate him for the injury sustained.

As to Bentley Fuller's fraudulent concealment claim: WE, THE JURY, FIND FOR:

_____ Bentley Fuller

_____ Rick Wheat

_____      _____

Foreperson                                 Date

**INSTRUCTION NO. 3**
**Deceit: Fraud in the Inducement/Misrepresentation**

Bentley Fuller has brought a claim against Rick Wheat for deceit upon fraud in the inducement/misrepresentation. You will find for Mr. Fuller if you are satisfied from **clear and convincing evidence** as follows:

(1) That Rick Wheat made a material misrepresentation;

(2) The misrepresentation was false;

(3) Rick Wheat knew the misrepresentation was false, or made the misrepresentation with reckless disregard as to its falsity;

(4) Rick Wheat intended for Bentley Fuller to rely on that misrepresentation and act on it;

(5) Bentley Fuller did in fact act on the misrepresentation in reliance of it;

   **AND**

(6) The misrepresentation was a substantial factor in causing injury to the plaintiff, Bentley Fuller.

Otherwise, you will find for Rick Wheat. If you find for Bentley Fuller, you may award damages in an amount that will reasonably and fairly compensate him for the injury sustained.

As to Bentley Fuller's claim for fraud in the inducement: WE, THE JURY, FIND FOR:

_____   Bentley Fuller

\_\_\_\_✓\_\_\_   Rick Wh·

_____   03/13/13

Foreperson   Date

8

## INSTRUCTION NO. 4
### Definition of "Preponderance of the Evidence"

The term "preponderance of the evidence" is used in these Instructions and deserves additional explanation. In this case, the Defendant, Rick Wheat asserts counterclaims against the Plaintiff, Bentley Fuller. The defendant/counterclaimant, Rick Wheat, has the burden of proving each and every element of his respective counterclaims by a preponderance of the evidence. If you find that he has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the plaintiff, Bentley Fuller, on that counterclaim.

To establish by the "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue in this case has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 5
### Conversion

Rick Wheat has brought a counterclaim of conversion against Bentley Fuller. Wheat claims Fuller wrongfully took Noavel Headstalls, reins, and videos. You will find for Rick Wheat if you are satisfied from a **preponderance of the evidence** as follows:

(1)     That Fuller took Wheat's property;

   **AND**

(2)     That the property taken belonged to Wheat.

Otherwise, you will find for Fuller. If you find for Wheat, you may award damages in an amount that will reasonably and fairly compensate him for the items taken.

As to Rick Wheat's conversion claim: WE, THE JURY, FIND FOR:

_____✓_____   Rick Wheat

_____   Bentley Fuller

_____05/13/13_____
Date

~~Foreperson~~ Foreperson

10

## INSTRUCTION NO. 6
### Quantum Meruit

Rick Wheat has also brought a claim for quantum meruit against Bentley Fuller. Wheat claims that Fuller failed to pay Wheat for services rendered in connection with equine clinics and training. You will find for Rick Wheat if you are satisfied from a **preponderance of the evidence** as follows:

    **(1)**    That Rick Wheat rendered valuable services or furnished materials;

    **(2)**    Those services or materials were for Fuller;

    **(3)**    Those services were accepted by Fuller, or were rendered with Fuller's knowledge and consent;

    **AND**

    **(4)**    Under such circumstances as reasonable, Bentley Fuller was notified that Rick Wheat, in performing such services, expected to be paid by Fuller.

Otherwise, you will find for Bentley Fuller. If you find for Wheat, you may award damages in an amount that will reasonably and fairly compensate him for the services rendered.

As to Rick Wheat's quantum meruit claim: WE, THE JURY, FIND FOR:

_____✓_____    Rick Wheat

_____    Bentley Fuller


Foreperson

                           3/13/13
                           Date

11

## INSTRUCTION NO. 7
### Tortious Interference with a Business Relationship

Rick Wheat has also brought a counterclaim for tortious interference with a business relationship against Bentley Fuller. Wheat claims Fuller interfered with an existing business relationship by changing the address on Wheat's Tractor Supply vendor account from Wheat's to Fuller's, without permission and receiving payments not owed to Fuller, thereby damaging the relationship between Tractor Supply and Wheat. You will find for Wheat if you are satisfied from a **preponderance of the evidence** as follows:

(1) That a valid business relationship or expectancy existed between Rick Wheat and Tractor Supply;

(2) That Fuller was aware of this relationship or expectancy;

(3) That Fuller intentionally interfered;

(4) That Fuller's motive behind the interference was improper;

(5) The interference caused the relationship to deteriorate;

**AND**

(6) The above actions were a substantial factor in causing injury to the defendant, Rick Wheat.

Otherwise, you will find for Fuller. If you find for Wheat, you may award damages in an amount that will reasonably and fairly compensate him for this improper interference.

As to Rick Wheat's tortious interference with a business relationship claim: WE, THE JURY,

FIND FOR:

_____✓_____   Rick Wheat

_____   Bentley Fuller


_____          _03/13/13_

Foreperson                              Date

**INSTRUCTION NO. 8**
**Compensatory Damages**

You must now determine the sums of money that will fairly and reasonably compensate the parties. Any award you give must be fair compensation – no more and no less. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial. In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work.

### a. **Bentley Fuller's Compensatory Damages**

If you found in favor of Plaintiff, Bentley Fuller, on either of his claims in Instruction Nos. 2 or 3, you must determine what sum or sums of money would justly and reasonably compensate the plaintiff, Bentley Fuller, for his losses, if any, that directly resulted from the claims in which you found in Plaintiff's favor. The amount may not include any punitive damages to which you think Bentley Fuller is entitled.

Plaintiff has claimed the value of his loss of time spent and value of his preparation of the product catalog and related items for the claims you found in Plaintiff's favor. You may not consider a claim of loss of profits, if any, from Tractor Supply Company and Ivesco. Those claims are no longer before the Court or the jury.

14

Reasonable Value of Lost Time                     $_____


Reasonable Value of Bentley Fuller's
Preparation of Product Catalog and
Related Items                                      $_____



                                    Foreperson: _____



### b. Rick Wheat's Compensatory Damages

If you found in favor of Defendant, Rick Wheat, on any of his counterclaims in

Instruction Nos. 5, 6, or 7, you must determine what sum or sums of money would justly and

reasonably compensate the defendant, Rick Wheat, for his losses, if any, that directly resulted

from the claims in which you found in Defendant's favor.


(1) If you found in favor of Defendant, Rick Wheat, for Conversion in Instruction No. 5,

please indicate the reasonable value of the property and monetary amounts converted,

if any.

                                    $ 2,850.00


                            Foreperson

(2) If you found in favor of Defendant, Rick Wheat, for Quantum Meruit in Instruction

No. 6, please indicate the reasonable value of the services performed by Rick Wheat.

$ 2750.⁰⁰

Foreperson:

(3) If you found in favor of Defendant, Rick Wheat, for Tortious Interference with a

business relationship in Instruction No. 7, please indicate the reasonable value of the

lost profits resulting from the loss of the business relationship.

$32,175.⁰⁰

Foreperson:

16

## INSTRUCTION NO. 9
### Punitive Damages

If you found for Plaintiff, Bentley Fuller, on his claims asserted in Instruction Nos. 2 or 3

and awarded him damages for either of those claims, you may consider the issue of punitive

damages. You may award Plaintiff punitive damages only if you are further satisfied by **clear**

**and convincing evidence** that in his conduct toward Bentley Fuller, Rick Wheat acted wantonly,

recklessly, or with oppression, fraud, or malice toward the plaintiff, you may in your discretion

award punitive damages against Rick Wheat in addition to the damages under Instruction No. 8.

As used in this Instruction, "oppression" means conduct which is specifically intended by

the defendant to subject the plaintiff to cruel and unjust hardship. As used in this Instruction,

"fraud" means an intentional misrepresentation, deceit, or concealment of material fact known to

the defendant and made with the intention of causing injury to the plaintiff. As used in this

Instruction, "malice" means either conduct which is specifically intended by the defendant to

cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant

with a flagrant indifference to the rights of the plaintiff.

Your discretion to determine and award an amount, if any, of punitive damages is limited

to the following factors:

1. The harm to Bentley Fuller as measured by the damages you have awarded under

   Instruction No. 8 caused by Rick Wheat's conduct toward Bentley Fuller;

2. The degree, if any, to which you have found from the evidence that Rick Wheat's

   conduct toward Bentley Fuller was reprehensible, considering:

   a. The degree to which Fuller had financial vulnerability;

   b. The degree to which Wheat's conduct involved repeated actions as opposed to

17

an isolated incident;

c.  The degree to which the harm to Fuller was the result of intentional malice,

trickery, or deceit, or mere accident.

"Punitive damages" are damages awarded against a Defendant for punishing the

Defendant for his misconduct in this case and deterring the Defendant from engaging in similar

conduct in the future.

If you award punitive damages, they must be fixed with calm discretion and sound reason,

and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or

prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from the sum or

sums under Instruction 8.

(1) Did Bentley Fuller prove by **clear and convincing evidence** that Rick Wheat acted

wantonly, recklessly, or with oppression, fraud, or malice?

YES: _____                NO: _____✓_____

Foreperson: _____

*If you answered "Yes" to Part (1), please proceed to part (2) of the question. If you answered "No" to the question, please return to the court room.*

18

(2) We the Jury award punitive damages in the amount of:

$ ~~25,000~~

Foreperso

**Please return to the courtroom.**

19